Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Melanie P. Goolsby
State Bar No. 24059841
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: mgoolsby@pronskepatel.com

**PROPOSED COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 10-30240-HDH-11** |
| **PETER R. MORRIS,** | § | |
| | § | **CHAPTER 11** |
| **Debtor.** | § | |

## APPLICATION OF DEBTOR IN POSSESSION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF PRONSKE & PATEL, P.C. AS COUNSEL FOR THE DEBTOR

TO THE HONORABLE HARLIN D. HALE,
UNITED STATES BANKRUPTCY JUDGE:

Peter R. Morris, debtor and debtor-in-possession in the above-captioned bankruptcy case

(the "Debtor"), files this Application (the "Application") for an Order Authorizing the

Employment of Pronske & Patel, P.C. ("PronskePatel") as Counsel for the Debtor pursuant

Sections 327, 328, 330, and 1107 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101, *et*

*seq.* (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Procedure (the

"Bankruptcy Rules"), and represents as follows:

> **NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL BUILDING, U.S. COURTHOUSE, 1100 COMMERCE STREET, ROOM 1254, DALLAS,**

**TEXAS 75242-1496, BEFORE CLOSE OF BUSINESS ON APRIL 6, 2010, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

## I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding, and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory basis for the relief requested herein is Sections 327 and 1107 of the Bankruptcy Code.

## II.     BACKGROUND

3.     On January 6, 2010, the Debtor filed for bankruptcy protection under chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its businesses and manage its properties as a debtor in possession.

4.     No trustee or examiner has been appointed in the Debtor's Chapter 11 bankruptcy proceeding, nor has a creditors' committee or other official committee been appointed pursuant to 11 U.S.C. § 1102.

5.     The Debtor is the President and Chief Executive Officer of PRM Realty Group, LLC ("PRM"), an affiliated debtor. The Debtor's real estate activities include strategic planning and business development for all of PRM's activities. He has over thirty (30) years of

experience in financing, developing, and operating multi-family and commercial real estate.  The

Debtor received his B.A. degree (*summa cum laude)* from Princeton University and his J.D.

degree (*cum laude*) from Harvard Law School.

### III.    RELIEF REQUESTED AND BASIS THEREFORE

6.      In connection with the performance of its duties and obligations as a debtor-in-

possession, the Debtor wishes to employ PronskePatel, a professional corporation organized for

the purposes of practicing law, with its office being at 2200 Ross Avenue, Suite 5350, Dallas,

Texas 75201, telephone number (214) 658-6500, facsimile number (214) 658-6509, to serve as

its bankruptcy counsel in this case.

7.      The Debtor has selected PronskePatel because its attorneys are experienced in

bankruptcy matters of this nature and are well qualified to represent the Debtor.  PronskePatel

has agreed, subject to the Court's approval, to represent the Debtor in this case.

8.      If approved by the Court, PronskePatel will advise and represent the Debtor with

respect to all reorganization, litigation, securities, tax, and general corporate law matters, as well

as any other matters that may arise in the context of this Chapter 11 case.  More specifically,

PronskePatel will render the following services to the Debtor:

(a)     provide legal advice with respect to the Debtor's powers and duties as a debtor-in-possession in the continued operation of its businesses and the management of its property.

(b)     take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor, the defense of any actions commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved, and objections to claims filed against the Debtor's estate;

(c)     prepare on behalf of the Debtor all necessary motions, answers, orders, reports, and other legal papers in connection with the administration of its estate;

**APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT OF PRONSKE & PATEL, P.C. AS COUNSEL FOR THE DEBTOR -- Page 3 of 7**

(d)    assist the Debtor in preparing for and filing a disclosure statement in accordance with Section 1125 of the Bankruptcy Code.

(e)    assist the Debtor in preparing for and filing a plan of reorganization at the earliest possible date;

(f)    perform any and all other legal services for the Debtor in connection with the Debtor's Chapter 11 case; and

(g)    perform such legal services as the Debtor may request with respect to any matter, including, but not limited to, corporate finance and governance, contracts, antitrust, labor, and tax.

9.    Except as provided for herein, PronskePatel has informed the Debtor that it will not represent any person in connection with any matter adverse to the Debtor or its estate.

10.    The Debtor understands that PronskePatel has a fiduciary duty to the Debtor individually, and also to its individual estate, but may be unable to represent the Debtor with respect to certain claims, controversies, and causes of action due to conflicts of interest that may arise among and between Bon Secour Partners, LLC, Morris Radio Enterprises, LLC, PM Transportation, LLC, PRS II, LLC, Rangeline Properties, LLC, Peter R. Morris, PRM Realty Group, LLC, PMP II, LLC, Maluhia Development Group, LLC, Maluhia One, LLC, Maluhia Eight, LLC, and/or Maluhia Nine, LLC (together, the "Affiliated Debtors"). To the extent such conflicts may arise during the course of this bankruptcy case, PronskePatel will retain outside conflicts counsel pursuant to Sections 327(e) and 328 of the Bankruptcy Code, subject to approval by the Court.

11.    As the matters on which PronskePatel represents the Debtor do not directly or indirectly affect the other Affiliated Debtors, nor do the matters on which PronskePatel represents the Affiliated Debtors directly or indirectly affect the matters on which PronskePatel represents the Debtor, PronskePatel does not hold or represent an interest adverse to the estate. Specifically, PronskePatel's representation of the Debtor would not tend to lessen the value of

**APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT OF PRONSKE & PATEL, P.C. AS COUNSEL FOR THE DEBTOR -- Page 4 of 7**

the Affiliated Debtors' bankruptcy estates, nor would it predispose PronskePatel to a bias against the Affiliated Debtors. Furthermore, PronskePatel's representation of the Debtor does not create a meaningful incentive to act contrary to the best interests of the Affiliated Debtors' estates and their sundry creditors. Therefore, PronskePatel believes that, in its representation of the Debtor, it may tender undivided loyalty and provide untainted advice and assistance in furtherance of its fiduciary responsibilities.

12.     Based on an investigation of PronskePatel's client lists as of the date of filing of this Application, PronskePatel has informed the Debtor that, except as is fully set forth in this Application and/or the Declaration of Gerrit M. Pronske, a shareholder with PronskePatel, attached hereto as **Exhibit A**, it has no other known connection with the Debtor, its creditors, or other parties in interest in this Chapter 11 case, and does not hold or represent any other known or reasonably ascertainable interest adverse to the Debtor's estate with respect to the matters upon which it is to be engaged.

13.     PronskePatel will charge for time at its normal billing rates for attorneys and legal assistants and will request reimbursement for its out-of-pocket expenses. All fees and expenses will be subject to Bankruptcy Court approval.

14.     The Declaration of Gerrit M. Pronske attached hereto concerning PronskePatel's relationship with the Debtor, its affiliates, creditors, or parties in interest pursuant to Bankruptcy Rule 2014 also constitutes PronskePatel's statement pursuant to Section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b).

15.     PronskePatel has rendered pre-petition legal services to the Debtor for which it has been compensated by the Debtor pre-petition, in the ordinary course of business. These

**APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT OF PRONSKE & PATEL, P.C. AS COUNSEL FOR THE DEBTOR -- Page 5 of 7**

services have been rendered in connection with various matters involving bankruptcy law and

procedures and the preparation necessary for the filing of this case.

## IV.    MATTERS RELEVANT TO THE RETENTION OF PRONSKEPATEL

16.    PronskePatel has attempted to determine its past and present connections with the

Debtor, its creditors, partners, any parties-in-interest appearing in these cases, their respective

attorneys, accountants, the United States Trustee, or any person employed in the office of the

United States Trustee.  Based upon that investigation and to the best of PronskePatel's present

knowledge, PronskePatel is not aware of any connections it has with the Debtor, the Debtor's

creditors, any other party in interest, their respective attorneys and accountants, the United States

Trustee, or any employee of the office of the United States Trustee, other than those set forth

above and in Exhibit A.  In the event PronskePatel becomes aware of any additional connections,

it will supplement the disclosure at the earliest opportunity.

## V.    NOTICE

17.    Notice of this Application and the relief requested hereby has been provided to

the Office of the United States Trustee, the Debtor's 20 largest unsecured creditors, the Debtor's

secured lenders, and all parties filing notices of appearance in this bankruptcy case.  No official

creditor's committee has been formed in this case.  Accordingly, the Debtor believes that such

notice of this Application is sufficient.

## VI.    CONCLUSION

18.    At the request of the Debtor, PronskePatel has agreed to begin to render services

to or on behalf of the Debtor as of the Petition Date.  Accordingly, the Debtor requests this Court

to enter an order approving the employment of PronskePatel as counsel for the Debtor as of the

Petition Date on the terms set forth herein.

**APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT OF PRONSKE & PATEL, P.C. AS
COUNSEL FOR THE DEBTOR -- Page 6 of 7**

WHEREFORE, the Debtor respectfully requests an Order of this Court approving the

Debtor's employment of Pronske & Patel, P.C. as its counsel as of the Petition Dates on the

terms set forth herein, and for such other and further relief, legal or equitable, special or general,

to which the Debtor may show itself justly entitled.

Dated: March 16, 2010.                              Respectfully submitted,

                                                    By: */s/ Peter R. Morris*
                                                    Peter R. Morris,
                                                    Debtor and Debtor in Possession


                          **CERTIFICATE OF SERVICE**

        I, the undersigned, hereby certify that, on March 16, 2010, I caused to be served the
foregoing pleading upon the parties on the Master Service List attached hereto via the Court's
electronic transmission facilities and/or United States mail, first class delivery.


                                                    */s/ Melanie P. Goolsby*
                                                    Melanie P. Goolsby