Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Melanie P. Goolsby
State Bar No. 24059841
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: mgoolsby@pronskepatel.com

**PROPOSED COUNSEL FOR THE DEBTOR**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 10-30240-HDH-11** |
| **PETER R. MORRIS,** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |

**DECLARATION OF GERRIT M. PRONSKE IN SUPPORT OF APPLICATION OF
DEBTOR IN POSSESSION FOR AN ORDER AUTHORIZING THE EMPLOYMENT
OF PRONSKE & PATEL, P.C. AS COUNSEL FOR THE DEBTOR**

GERRIT M. PRONSKE, pursuant to 28 U.S.C. § 1746, states under penalty of perjury:

1. I am over the age of eighteen (18) years and am competent to testify to the matters set forth herein.

2. I am an attorney duly admitted to practice before the courts of the State of Texas and the United States District Court for the Northern District of Texas, as well as the Eastern, Southern and Western Districts of Texas.

3. On or about January 6, 2010, Peter R. Morris, debtor and debtor in possession (the "Debtor"), filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code, Case No. 10-30240.

4. This Declaration is provided in support of the Application of Debtor in Possession for an Order Authorizing the Employment of Pronske & Patel, P.C. as Counsel for the Debtor (the "Application").

5. I am a shareholder with the law firm of Pronske & Patel, P.C. ("PronskePatel"), the firm that that Debtor seeks to employ as counsel by the Application to which this Declaration is attached, with offices located at 2200 Ross Avenue, Suite 5350, Dallas, Texas 75201, with a telephone number of (214) 658-6500 and the telecopier number of (214) 658-6509. My current hourly rate is $550.00, and Ms. Rahkee V. Patel has a current hourly rate of $375.00. PronskePatel's hourly fees for matters of this nature currently range from $330.00 to $550.00 for partners, $160.00 to $225.00 for associates, and up to $100.00 per hour for legal assistants. PronskePatel's rates are adjusted from time to time to reflect changes in seniority, inflation, and other factors. Such adjustments usually occur at the beginning of the calendar year. Our hourly rates for this engagement will be adjusted accordingly and will be disclosed to the Court. Debtor has been informed of PronskePatel's normal hourly rates.

6. PronskePatel has not shared or agreed to share with any other person the compensation paid or to be paid by the Debtor in connection with the Chapter 11 case other than pursuant to normal compensation arrangements among the members and employees of PronskePatel.

7. PronskePatel is well qualified to represent the Applicant as counsel and is willing to accept employment on the basis set forth in the Application.

8. PronskePatel has rendered pre-petition legal services to the Debtor for which it has been compensated by Applicant pre-petition in the ordinary course of business. These

**DECLARATION OF GERRIT M. PRONSKE IN SUPPORT OF DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT OF PRONSKE & PATEL, P.C. AS COUNSEL FOR THE DEBTOR -- Page 2 of 5**

services have been rendered in connection with various matters involving bankruptcy law and procedures and the preparation necessary for the filing of this case.

9. The Debtor understands that PronskePatel has a fiduciary duty to the Debtor individually, and also to its individual estate, but may be unable to represent the Debtor with respect to certain claims, controversies, and causes of action due to conflicts of interest that may arise among and between Bon Secour Partners, LLC, Morris Radio Enterprises, LLC, PM Transportation, LLC, PRS II, LLC, Rangeline Properties, LLC, Peter R. Morris, PRM Realty Group, LLC, PMP II, LLC, Maluhia Development Group, LLC, Maluhia One, LLC, Maluhia Eight, LLC, and/or Maluhia Nine, LLC (together, the "Affiliated Debtors"). To the extent such conflicts may arise during the course of this bankruptcy case, PronskePatel will retain outside conflicts counsel pursuant to Sections 327(e) and 328 of the Bankruptcy Code, subject to approval by the Court.

10. As the matters on which PronskePatel represents the Debtor do not directly or indirectly affect the other Affiliated Debtors, nor do the matters on which PronskePatel represents the Affiliated Debtors directly or indirectly affect the matters on which PronskePatel represents the Debtor, PronskePatel does not hold or represent an interest adverse to the estate. Specifically, PronskePatel's representation of the Debtor would not tend to lessen the value of the Affiliated Debtor's bankruptcy estates, nor would it predispose PronskePatel to a bias against the Affiliated Debtors. Furthermore, PronskePatel's representation of the Debtor does not create a meaningful incentive to act contrary to the best interests of the Affiliated Debtor's estates and their sundry creditors. Therefore, PronskePatel believes that, in its representation of the Debtor, it may tender undivided loyalty and provide untainted advice and assistance in furtherance of its fiduciary responsibilities.

11. PronskePatel has attempted to determine its past and present connections with the Debtor, its creditors, partners, or any parties-in-interest appearing in this case, their respective attorneys, accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Based upon that investigation and to the best of PronskePatel's present knowledge, PronskePatel is not aware of any connections it has with the Debtor, the Debtor's creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any employee of the office of the United States Trustee, other than those set forth above or in the Application. In the event PronskePatel becomes aware of any connections, it will supplement the disclosure at the earliest opportunity.

12. To the best of my knowledge, PronskePatel has not provided legal advice or representation to any other entity having a claim or interest adverse to the Debtor in connection with this Chapter 11 case. Nor at any material time has PronskePatel provided legal advice or representation to any other entity in connection with any matter adverse to the Debtor. To the best of my knowledge, PronskePatel does not have any connections with the United States Trustee or with any person employed in the Office of the United States Trustee.

13. Except with respect to those matters fully disclosed herein, neither PronskePatel nor any member or associate thereof, insofar as I have been able to ascertain, holds any interest materially adverse to the interest of the Debtor's estate or to any class of creditors or equity security holders, by reason of any direct or indirection relationship to, connection with, or interest in the Debtor.

14. I believe that PronskePatel, and each member and associate thereof, is a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14) and 327(a).

15. To the extent that PronskePatel subsequently discovers any facts bearing on this Declaration or its representation of the Debtor, this Declaration will be supplemented and those facts will be disclosed to the Court at its earliest opportunity.

SIGNED AND SWORN TO UNDER THE PENALTIES OF PERJURY this 16 March 2010.

*/s/ Gerrit M. Pronske*
Gerrit M. Pronske